

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACLYN RAE SLEATER, | No. 19-35459 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-05033-SAB |
| v. | |
| BENTON COUNTY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted May 4, 2020
Seattle, Washington

Before: KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Jaclyn Sleater appeals from an order granting summary judgment in favor of

Benton County, Washington, on her class claims challenging the County's "Pay or

Appear" Program. We reverse and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

For at least a decade, criminal defendants in Benton County who owed Legal Financial Obligations ("LFOs") in connection with their cases were placed into a "Pay or Appear" Program administered by the County Clerk. Under the terms of the program, if an LFO debtor failed to make a monthly payment or appear to schedule a hearing, the Clerk's Office would issue an arrest warrant without reviewing the LFO debtor's ability to pay. In 2016, the County Clerk discontinued the program after the Washington Court of Appeals held that it violated the Fourth Amendment. *See State v. Sleater*, 378 P.3d 218, 221 (Wash. Ct. App. 2016).

Sleater brought this class action under 42 U.S.C. § 1983 against the County on behalf of those arrested pursuant to the "Pay or Appear" Program. The district court granted summary judgment in favor of the County, holding that Sleater had failed to establish municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and that the County was protected by quasi-judicial immunity. We disagree on both counts.

First, the record contains sufficient evidence to create a genuine dispute as to whether Sleater's injuries were the result of a municipal policy or custom as required for municipal liability under *Monell*.

There is evidence in the record to support a conclusion that the County Clerk's actions in connection with the "Pay or Appear" Program "may fairly be

2

said to represent official policy" of the County, and therefore may give rise to municipal liability under § 1983. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (quoting *Monell*, 436 U.S. at 694). As a matter of state law, the County Clerk has statutory authority over the collection of LFOs. *See* Wash. Rev. Code § 9.94A.760. The County Clerk's authority over LFO collection includes the discretion to review the appropriateness of collection schedules and to request changes to an LFO debtor's payment schedule based on changes in the debtor's financial circumstances. Wash. Rev. Code § 9.94A.760(8)(b). When the County Clerk exercises this discretion (or, as Sleater alleges, systematically declines to do so), the Clerk acts as a county official with "final policymaking authority." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion); *see Burrowes v. Killian*, 459 P.3d 1082, 1087 (Wash. 2020) (the County Clerk acts as a county policymaker except where performing ministerial, in-court functions). The record also includes evidence from which a reasonable juror could conclude that the County Clerk had a major role in designing, continuing, and ultimately ending the policy.

We reject the County's argument that because the authority to issue an arrest warrant lies exclusively with Superior Court judges, the County Clerk's actions here may not be imputed to the County. A custom or practice may give rise to

municipal liability under *Monell* even where that practice is ultra vires under state law. *Praprotnik*, 485 U.S. at 127. A reasonable juror could conclude based on record evidence that the Clerk's Office issued arrest warrants without reviewing an LFO debtor's ability to pay as a matter of custom.

Second, the district court erred in holding that the County was protected by quasi-judicial immunity. The County does not defend this element of the district court's reasoning on appeal, but we nonetheless restate the applicable law in light of a line of district court cases that have misapplied it. *See, e.g.*, *Coyle v. Baker*, No. CV-12-0601-LRS, 2013 WL 3817427, at *1 (E.D. Wash. July 22, 2013); *Kay v. Thurston County*, No. 08-5041-RBL, 2008 WL 5000192, at *3 (W.D. Wash. Nov. 20, 2008). For claims under federal law, official immunity extends only to municipal officers, not to municipal entities themselves. *Owen v. City of Independence*, 445 U.S. 622, 655–58 (1980); *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) ("Although the requisites for municipal liability under § 1983 can be stringent, municipalities sued under § 1983, unlike individuals, are not entitled to immunity, qualified or otherwise . . . .").

**REVERSED and REMANDED.**

4